IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| QUINTON MARQUISE COTTRELL,<br><br>  Plaintiff,<br><br>v.<br><br>WALT J. PESTERFIELD, *et al.*,<br><br>  Defendants. | Civil Action No.:  PX-23-2992 |

**MEMORANDUM OPINION**

Quinton Marquise Cottrell, an inmate at Roxbury Correctional Institution, brings this civil rights action against Defendants Walt J. Pesterfield, Dr. Zoey Barnes, Sergeant Herzod, and Sergeant Dupree, for failure to protect him from Covid-19 while he was detained at Baltimore County Detention Center ("BCDC"). ECF No. 7. Defendants move to dismiss the Amended Complaint. ECF Nos. 15, 28 & 31. The Court notified Cottrell of his right to respond to the motions, *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and warned him that failure to respond could result in an adverse decision, to include dismissal, without further notice. ECF Nos. 16, 29 & 32. To date, Cottrell has not responded. The Court finds no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons discussed below, Defendants' Motions shall be granted.[1]

---

[1] The Court directed Sergeants Herzod and Dupree, through counsel, to mail a copy of their motion to Cottrell within fourteen days at his current place of incarceration and report to the Court when Cottrell received the motion. ECF No. 33. Although late, counsel filed a status report stating that Cottrell was provided with their motion on January 10, 2025. ECF No. 34. Cottrell was given until February 7, 2025, to file a response. ECF No. 33. To date, he has not responded.

**I.        Background**

The Court construes the facts alleged as true and most favorably to Cottrell. While detained at BCDC, Cottrell started to feel sick on October 24, 2023, and tested positive for Covid-19 on October 27. ECF No. 7 at 4-5. Sick detainees had been housed in the same unit as detainees who did not have Covid, and no detainees were given any personal protective equipment. *Id.* Cottrell suffers from high blood pressure which places him at higher risk of adverse effects from Covid-19. *Id.* At some point while Cottrell was sick, Sergeants Herzod and Dupree allegedly threatened that if Cottrell did not report to work at the detention center's barbershop, he would be terminated and issued an infraction. ECF No. 7 at 4-5. Cottrell seeks monetary damages arising from his bout with Covid-19 and removal of the responsible parties. *Id.*

**II.       Standard of Review**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and construes them most favorably to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear

failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

### III. Discussion

Defendants first contend that the Amended Complaint must be dismissed because Cottrell failed to exhaust administrative remedies prior to filing suit. ECF No. 15-1 at 4-5; ECF No. 31-1 at 4-5. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, a plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005). Exhaustion is mandatory, and so a court ordinarily may not excuse a failure to exhaust. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the Court must ensure that "any defects in exhaustion

were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F.3d at 1225); *Kaba*, 458 F.3d at 684.

Defendants singularly argue that because the original complaint suggests that Cottrell had not filed a grievance with BCDC, the Amended Complaint must be dismissed for lack of exhaustion. ECF No. 15-1 at 5; ECF No. 31-1 at 5. The Amended Complaint, as the operative pleading, makes no mention either way of whether Cottrell exhausted administrative remedies. ECF No. 7. More to the point, exhaustion remains an affirmative defense in which the Defendants bear the burden of demonstrating the lack of exhaustion. *See Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) ("[A]n inmate does not need to demonstrate exhaustion of administrative remedies in his complaint). Because failure-to-exhaust is an affirmative defense, the mere omission of any mention of exhaustion from the complaint does not and cannot warrant dismissal. *Id.* The Motion is thus denied on exhaustion grounds.

Pesterfield and Dr. Barnes next contend that the claims against them must be dismissed because the Amended Complaint fails to allege that they had engaged in any personal wrongdoing. A constitutional claim brought pursuant to 42 U.S.C. § 1983 requires that a named defendant's individual actions or omissions violate the plaintiff's constitutional rights. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Stated differently, supervisors cannot be held liable for constitutional violations based solely on the acts or omissions of the supervisees. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). A

supervisor may be liable for the violations of their subordinates if the supervisor knew the subordinates engaged in conduct that posed an unreasonable risk of constitutional injury and failed to respond in such a manner that gives to an inference of deliberate indifference or tacit authorization of their subordinates' bad acts. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Nothing in the Amended Complaint makes plausible that Pesterfield or Dr. Barnes had any involvement in the events surrounding Cottrell's illness. Indeed, neither Defendant is even mentioned anywhere but the case caption. ECF No. 7. Accordingly, Pesterfield and Dr. Barnes must be dismissed without prejudice.[2]

Similarly, Defendants Herzod and Dupree assert that no complaint facts make plausible that either caused or contributed to any constitutional deprivations. ECF No. 31-1 at 5. The Amended Complaint, read broadly, alleges that Cottrell's conditions of confinement amounted to cruel and unusual punishment in violation of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The protections afforded convicted prisoners under the Eighth Amendment extend to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

To state a § 1983 claim based for unconstitutional conditions of confinement, a pretrial detainee must allege "that the condition or restriction was imposed with an express intent to punish or was not reasonably related to a legitimate nonpunitive government objective." *Timms v. U. S. Att'y Gen.*, 93 F.4th 187, 191 n.8 (4th Cir. 2024) (citing *Matherly v. Andrews*, 859 F.3d 264, 275 (4th Cir. 2017)); *see also Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (noting plaintiff can

---

[2] "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–727 (1966). To the extent Cottrell also sought to bring a medical negligence claim against Dr. Barnes, that claim too will be dismissed without prejudice.

5

state a claim based on a "governmental action" that "is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose'"). However, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (citing *Bell*, 441 U.S. at 538–40). Rather, the defendants acts or omissions must be alleged as "objectively unreasonable," because "the defendant should have known of that condition and that risk, and acted accordingly." *Short*, 87 F.4th at 611.

Sergeants Herzod and Dupree generally contend that the Eighth Amendment claim fails because no facts make plausible their personal participation in the alleged wrongdoing. ECF No. 31-1 at 6-7. But that is not quite true. The Amended Complaint does aver that Herzod and Dupree forced Cottrell to work while sick with Covid-19 and under threat of administrative sanction and job loss. So, the pleading alleges some participation in the claimed wrongdoing. But the allegations are simply too barebones regarding the nature, frequency, and severity of the asserted "threats" to make plausible that Defendants had subjected Cottrell to cruel and unusual confinement conditions in violation of the Eighth Amendment. Accordingly, Defendants' Motion will be granted.[3]

I.  **Conclusion**

For the foregoing reasons, Defendants' Motions to Dismiss are granted. A separate Order follows.

| | |
|---|---|
| 2/11/25 | /S/ |
| Date | Paula Xinis<br>United States District Judge |

---

[3] Because the Amended Complaint must be dismissed for failure to state a claim, the Court need not address Defendants' qualified immunity arguments.